# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MY HEALTH, INC., et al., | § | |
| | § | |
| v. | § | Case No. 2:13-CV-137-JRG-RSP |
| | § | |
| CLICK4CARE, INC. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Click4Care, Inc.'s ("Click") Motion for Transfer of Venue and Memorandum in Support Thereof (Dkt. 16.). Click argues that the Southern District of Ohio is a clearly more convenient forum for this case. Plaintiff My Health opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that Click has failed to carry its burden of showing that the Southern District of Ohio is a clearly more convenient venue for this case.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.  The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").  Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319.  Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive.  *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

# DISCUSSION

### A. Proper Venue

Neither party disputes that venue would be proper in either the Eastern District of Texas or the Southern District of Ohio.

### B. Private Interest Factors

#### 1. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

**Click4Care's Witnesses**

With regard to its own witnesses, Click relies exclusively on a declaration that states "[a]ll of Click4Care's employees and documents related to the functionality and development of the allegedly infringing system are located in the Columbus, Ohio area." (Hughes Decl. at par. 9.) Click does not state that it developed the accused technology, or even that it has employees knowledgeable about the accused technology – only that if it did, they would be located in Ohio. Notably, Click does not actually identify a single relevant witness, or even provide a statement that it knows of anyone with knowledge of the accused technology. Click had a clear

opportunity to address these same concerns when they were raised in My Health's response. (Dkt. 19 at 7-8.) Instead, Click's only reply to these concerns was the following statement: "Plaintiffs' argument is nonsense. *All means all*." (Dkt. 22 at 2 (emphasis in original).) This Court routinely observes movants utilizing carefully worded statements to avoid disclosing key facts that disfavor their positions, especially in the context of a Motion to Transfer. Here, there is no evidence as to who – either inside or outside of Click – developed the accused technology, or who might possess information about the operation of that technology, and therefore, not a single fact in the record on which this Court can base its convenience analysis. The burden in a Motion to Transfer, like most other motions, lies on the movant. Click could have easily assuaged any concerns by providing a clear and unambiguous statement that it did have employees with knowledge of the accused systems, but instead simply ridiculed My Health's observation that Mr. Hughes' declaration stopped short of doing so. This Court has no way to discern whether Click's refusal to address this issue is sloppy lawyering or a continued attempt to evade disclosure, but in either case, its failure to identify any witnesses with relevant knowledge (coupled with its refusal to even affirm that any of its employees even have knowledge about the systems accused in this case) suggests they have not met their burden.

**My Health's Witnesses**

Similarly, My Health provides virtually no factual information to the Court. My Health's brief states "[m]any of Plaintiffs' potential witnesses work or reside in this judicial district as well as other districts much further from Ohio." (Dkt. 19 at 8.) There is no support for this statement in the record. Thus, My Health – like Click – has failed to identify a single witness or provide any admissible fact that supports their attorney argument. Click, however, does address witnesses that it alleges are relevant for My Health's case: Click states in its reply brief that

"Plaintiffs' witnesses are all located in New York or California, including the inventors and the counsel who prosecuted the patent at issue." (Dkt. 22 at 4.) Taking Click's statement at face value, New York is closer to the Southern District of Ohio than the Eastern District of Texas. California is closer to the Eastern District of Texas than the Southern District of Ohio. Neither party attempts to make any real inquiry into whether these witnesses bear any importance to the case, thus giving the Court a sparse factual record on which to base its decision.

After reviewing the evidentiary record, the Court finds that Click has failed to show that this factor favors transfer.

### 2. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Much like it does for its own witnesses (discussed in Section 1 above), Click provides the Court with virtually no evidence as to the location of relevant documents. As noted above, while Click does confirm that any documents it has are located in Ohio, not only does Click decline to identify specific documents (which may not, by itself, be fatal), but Click refuses to even state that it does, in fact, possess relevant documents. There is a similarly problematic statement in the record from My Health, claiming that whatever documents it does have are located within the Eastern District of Texas, but declining to state whether any of those documents bear any particular relevance to the issues before the Court in this case. As such, there is virtually no actual evidence in the record on which this Court can base a determination as to where the sources of proof are located in this case, much less how convenient (or inconvenient) it would be to access those sources from each of the districts in question.

The only bit of evidence that *is* before the Court is the location of the two (apparently only) implementations of Click's allegedly infringing systems: Texas and Minnesota. It seems likely that those locations will have at least some number of documents relevant to this case, but without more, it is difficult to weigh the importance of those documents or how burdensome it would be to access them from each respective district. Notwithstanding the paucity of actual evidence on this point, the Court observes that the Minnesota system is marginally closer to the Southern District of Ohio than to the Eastern District of Texas, and the Texas system is substantially closer to the Eastern District of Texas than to the Southern District of Ohio.

After reviewing the evidentiary record, the Court finds that Click has failed to show that this factor favors transfer.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

The Fifth Circuit in *Volkswagen II* based its analysis on the "*Gilbert* factors," which were set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947). The "availability of compulsory process" factor in *Gilbert* reads specifically as "availability of compulsory process for attendance of *unwilling*." *Gilbert,* 330 U.S. at 508 (emphasis added). Further, the Supreme Court in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981), also endorsed the *Gilbert* factor of "availability of compulsory process for attendance of unwilling . . . ." Thus, the history of this factor shows it also was based on whether a witness would willingly or voluntarily appear.[1]

---

[1] When listing the *Gilbert* factors to be considered, *Volkswagen II* omitted the "unwilling" language in the "availability of compulsory process" factor. *See Volkswagen II,* 545 F.3d at 315. But the Court never stated or implied that it was not adopting the "unwilling" language. *Id.* Indeed, the Fifth Circuit in *Volkswagen II* unconditionally adopted the *Gilbert* factors themselves. *See id.* ("As noted above, we have adopted the private and public interest factors first enunciated in [*Gilbert*]. . . ."). Further, *Volkswagen II* cited to *Volkswagen I* when listing the private interest factors. *Id.* Although *Volkswagen I* also did not use the "unwilling" language, *Volkswagen I* cited to *Piper Aircraft,* which used the "unwilling language." *See Volkswagen I,* 371 F.3d at 203; *Piper Aircraft,* 454 U.S. at 241 n. 6, 102 S.Ct. 252. The Court doubts the Fifth Circuit would have expressly adopted the *Gilbert* factors on

Like the other factors discussed above, there exists virtually no evidence in the record on which the Court can base its determination. It appears from the record currently before the Court that the only possible witnesses located within the subpoena power of the Southern District of Ohio would be employees of Click, and therefore not "unwilling" witnesses – though the Court notes that even this hypothetical is premised on the notion that Click *actually has* any employees with knowledge or information about the operation of the accused technology, a notion which Click has declined to confirm (discussed further in Section 1 above).

After reviewing the evidentiary record, the Court finds that Click has failed to show that this factor favors transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

It is in the interest of judicial economy to have one court decide all related patent issues. *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Click, in an apparent acknowledgement of judicial economy concerns, offers that the instant case could also be transferred to the District of Minnesota along with the Cardiocom matter (2:13-cv-136). In support of its offer, Click provides even fewer facts than it provides in the scant record detailed above. Even if such a transfer would be permissible on a virtually nonexistent factual record, it would not remedy judicial economy concerns because it would still create parallel proceedings in Minnesota and Texas, except with two cases in Minnesota rather than one.

After reviewing the evidentiary record, the Court finds that Click has failed to show that this factor favors transfer, and further finds that this factor disfavors transfer.

---

the one hand only to alter them, *sub silentio,* on the other. *See also Texas Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 642 (E.D. Tex. 2011).

### C. Public Interest Factors

#### 1. Local Interest in Having Localized Interests Decided at Home

Click alleges that the residents of the Southern District of Ohio have a local interest in this case because Click's headquarters is located there.[2] The Court notes that this connection is not one to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather arises from the fact that some residents of the Southern District of Ohio may have an interest, financial or otherwise, in Click itself – a theory which raises concerning fairness implications. 545 F.3d at 318. If the Court endorsed this view, My Health also makes the argument that this district has a localized interest in My Health given the fact that it is headquartered in the Eastern District of Texas.

Similarly, the Court finds a lack of factual support for My Health's claim that this district has a particularized interest in this suit because "the alleged infringement occur[ed] here." (Dkt. 19 at 11.) The only evidence in the record suggests that the alleged infringement took place in Minnesota and Texas (but not the Eastern District of Texas). While the infringing system deployed in Texas may somewhat implicate a localized interest for the Eastern District of Texas, that connection is not strong enough to make a substantial impact on the Court's §1404 analysis.

After reviewing the evidentiary record, the Court finds that Click has failed to show that this factor favors transfer.

---

[2] Click also provides attorney argument that the localized interest exists because "the employees involved in developing and marketing the allegedly infringing products" are located there. As noted above, the evidence in the record only states that whatever employees Click has are in Ohio, and directly refused to take the position that any of its unknown number of Ohio employees were actually involved in the development, implementation, or use of the accused technology.

**2.    Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

After considering the exceptionally thin evidentiary record in this case, the Court finds that Click has failed to meet its burden of showing that the transferee venue is "clearly more convenient" than the transferor venue. Accordingly, the Motion is **DENIED**.

**SIGNED this 20th day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE